## OELRICHS *v.* UNITED STATES (No. 57).[1]

MOTION FOR RETURN OF A COMPLETE COPY OF EVIDENCE.

Where testimony was offered before a classification board and excluded by order of the board over objection taken, for this court to determine the propriety of the exclusion, all the testimony so excluded should be incorporated in the record on appeal.—Harris *v.* United States (177 Fed. Rep., 475) distinguished.

.United States Court of Customs Appeals, January 18, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 19797 (T. D. 29306).

[Motion granted.]

*Comstock & Washburn* for the motion.

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* of counsel), for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers classifying an importation of wool on the basis of value as fixed by the reappraisement board on appeal from the general appraiser. A motion is now made for an order requiring the board to return a complete copy of the evidence offered before the board upon the present hearing, which consisted of the evidence which had been offered before the reappraisement board. This was not returned with the record for the reason that the board regarded it as no part of the record of this proceeding.

There is an alternative request that in lieu of this order the board be required to strike from the record certain irrelevant portions of pages set forth in the affidavit accompanying the motion.

It is enough to say of the last request that the return of the board and the affidavit of counsel representing the Government apparently meet the case made by the appellant. The question is narrowed down, therefore, to whether where testimony is offered before the classification board and is excluded by order of the board and exception taken, that testimony may be required to be returned for the purpose of enabling this court to judge as to the propriety of its exclusion.

The testimony which was offered was claimed to be the entire testimony taken by the Board of General Appraisers on an open hearing, and it was claimed that this would show that the board illegally and without authority fixed the value of the goods. This is not the time to discuss the merits of the case, as they have not been presented. But all that is involved is the question of practice.

The statute, section 29 of the act of 1909, confers upon this court the power to review final decisions of a Board of General Appraisers

in all cases as to construction of law and facts and provides that an application shall be made to this court containing a concise statement of the errors of law and fact complained of, and that "thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case, and their decision thereon;" * * * that "the court shall have power to review any decision or matter within its jurisdiction, and may affirm, modify, or reverse the same and remand the case, with such orders as may seem to it proper in the premises, which shall be executed accordingly."

Obviously this court would find difficulty in determining whether an exception to the ruling excluding testimony should be sustained or overruled without something in the record to inform the court as to what the testimony excluded consisted of. It might or might not be error to exclude the record of the proceedings before the board of reappraisement. In this case, upon the ruling made excluding the testimony, an exception was noted by the importer. Unless we should hold that the ruling of the board of classification was final and conclusive in such a case, it would seem to follow that this court ought to be able to inform itself as to what the ruling imported.

The case of Harris v. United States (177 Fed. Rep., 475) is relied upon as sustaining the action of the board in declining to return this testimony. We have examined that case and find nothing to indicate that any exception was noted to the ruling of the board excluding the testimony. Certainly the ruling of the court in that case is not authority for the action of the board in the present case in refusing to return the offered testimony. It was said in that case:

If the record in the reappraisement of proceedings is admissible as evidence in this protest proceeding (a question which is not before this court at this time), the importer in the present case might have adopted two courses: He might have excepted to the ruling of the board and brought the question before the court in his assignments of error, or he might have offered this record as additional evidence taken in this court under the provisions of section 15.

The latter remedy suggested is not open in this suit, as this court does not receive additional evidence. But the remedy of bringing the question before this court for review of the ruling excluding testimony we think is open to the appellant, and we think that for a correct understanding of the force and effect of the ruling we should have before us the offered evidence.

The order prayed for will be granted.

De Vries, Judge, did not participate in the hearing or decision on this motion.